# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Randall Loyis Simpson, ) | |
| ) | Civil Action No.: 6:20-00117-JMC |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Tiffany Jones and Sanpana Jennings, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Randall Loyis Simpson ("Plaintiff") filed this action against Defendants Tiffany Jones and Sanpana Jennings (collectively, "Defendants") pursuant to 42 U.S.C. § 1983. (ECF No. 1.) He alleges that Defendants violated his constitutional rights by preventing him from attending a bible study class while housed in the Florence County Detention Center ("FCDC"). (*Id.*) This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 63), filed on June 3, 2020, recommending that the court grant Defendants' Motion for Summary Judgment (ECF No. 39). (ECF No. 63 at 6.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 63) and **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 39).

## I.     RELEVANT BACKGROUND

The Report sets forth the relevant facts, which this court incorporates herein without a full recitation. In summary, Plaintiff alleges that, as a pretrial detainee at FCDC in 2019, Defendants violated his First Amendment rights by preventing him from attending a bible study class. (ECF No. 1.)

Plaintiff filed his Complaint (ECF No. 1) on January 10, 2020. Defendants subsequently filed a Motion for Summary Judgment (ECF No. 39) on April 22, 2020. In response, Plaintiff filed

1

briefing in opposition to the Motion and supplements.  (ECF Nos. 49, 59.)  On June 3, 2020, the Magistrate Judge submitted a Report and Recommendation (ECF No. 63) to the court, recommending that the court grant Defendants' Motion for Summary Judgment.

The parties were advised of their right to file objections to the Report.  (ECF No. 63 at 7.)  Neither of the parties filed objections to the Report.  However, Plaintiff sent a letter to the Magistrate Judge stating that he did not intend to "go through the appeals process" and "thank[ing] [the Magistrate Judge] for allowing [Plaintiff] to go as far as [he] did with this."  (ECF No. 65.)

## II.    JURISDICTION

This court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 because the Complaint alleges violations of the laws of the United States.  Plaintiff alleges violations of his First Amendment rights under 42 U.S.C. § 1983, which permits an injured party to bring a civil action against a person who, acting under color of state law, ordinance, regulation, or custom, causes the injured party to be deprived of "any rights, privileges, or immunities secured by the Constitution and laws."  (ECF No. 1.)

## III.   ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The responsibility to make a final determination remains with this court.  *Id.* at 271.  The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made.  *Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting its recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond*, 416 F.3d at 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

## IV.     CONCLUSION

After a thorough review of the Report and the record in this case, the court finds that the Report provides an accurate summary of the facts and law and does not contain clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 63) and **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 39).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 9, 2020
Columbia, South Carolina

3